FILED

MAR 31 2008

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| AARON L. SCHNITZLER, | * | CIV 06-4064 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| TIM REISCH, Cabinet Secretary, | * | |
| SD Department of Corrections; | * | |
| BOB DOOLEY, Warden, Mike Durfee | * | |
| State Prison; MIKE STORGAARD, | * | |
| STOP Treatment Director, Mike Durfee | * | |
| State Prison, | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The background of this § 1983 case has been set forth in this Court's Memorandum Opinion and Order of September 28, 2007 (Doc. 70). One fact that should be added is that Mr. Schnitzler was denied parole on February 21, 2007. The Court takes judicial notice of that fact.

## DISCUSSION

Defendants argue that the state parole board for at least these purposes should be treated the same as a state court and that therefore the RLUIPA claim should be dismissed under the Rooker-Feldman doctrine. The state parole board is not a part of the same branch of government as the state courts. The parole board is a part of the Executive Branch of South Dakota state government, not the Judicial Branch. SDCL 1-15-1.4. The Rooker-Feldman doctrine is not applicable to this Religious Land Use and Institutionalized Persons Act (RLUIPA) claim of Mr. Schnitzler.

The doctrine from Heck v. Humphrey, 312 U.S. 477 (1994) presents a different issue and could arguably warrant dismissal of Mr. Schnitzler's remaining claim. Mr. Schnitzler's claim really is about his confinement and whether that confinement should immediately end with parole. The claim really is that parole should have been granted despite Mr. Schnitzler's refusal to fully

participate in group sex offender treatment. Despite the serious jurisdictional issue presented by the <u>Heck v. Humphrey</u> doctrine, the Defendants request that the Court consider and dismiss this action on the merits of the RLUIPA claim instead of dismissing on jurisdictional grounds.

## THE RLUIPA CLAIM

Defendants challenge the constitutionality of RLUIPA. This Court has held RLUIPA to be constitutional in <u>Sisney v. Reisch, et al.</u>, CIV. 03-4260 (February 6, 2008).

The Defendants also request that in the interest of finality, this Court rule on the merits of the RLUIPA claim. This Court will assume for the purpose of this motion that the challenged policy imposes a substantial burden on Mr. Schnitzler's religious practices or beliefs. RLUIPA "does not preclude inquiry into the sincerity of a prisoners professed religiosity.... The truth of a belief is not open to question; rather, the question is whether the objector's beliefs are truly held." <u>Cutter v. Wilkinson</u>, 544 U.S. 709, 725, 125 S.Ct. 2113 (2005) (internal citations omitted). For the purpose of this motion, the Court will assume that Mr. Schnitzler's beliefs are truly held. The state must then demonstrate

"that imposition of the burden on that person - -

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest."

42 U.S.C. 2000cc-1(a).

There is clearly a compelling governmental interest in the treatment of sex offenders before they rejoin the general public so that the incidence of recidivism can be reduced for the benefit of the public as well as the offenders. See <u>McKune v. Lile</u>, 536 U.S. 24, 33, 48, 122 S.Ct. 2017 (2002). The present case presents no exception to that compelling governmental interest.

The state must next demonstrate that the burden caused by the group sex offender treatment program in question upon Mr. Schnitzler's religious practices or beliefs "is the least restrictive means of furthering that compelling governmental interest." As the Court observed in the previous Memorandum Opinion and Order in this case, and as was observed by Magistrate Judge Simko in his Report and Recommendation, the record was scant on bases for the opinions of the Defendants'

2

experts on the type and necessity of sex offender treatment. Defendants' position was subsequently substantially strengthened by the Affidavit of Dr. Dave Kauffman, a psychologist who is the Clinical Supervisor for the South Dakota Department of Corrections' sex offender treatment program. Dr. Kauffman opines that any one of Mr. Schnitzler's requested modifications would make the current group program ineffective. The Court has no basis from the record to dispute that expert opinion. Even though we as federal judges regularly sentence sex offenders, that does not make us experts on sex offender treatment. The group sex offender treatment program now offered by the South Dakota Department of Corrections does, on the basis of the record before this Court, appear to be the least restrictive means of furthering the compelling governmental interest of providing sex offender treatment to Mr. Schnitzler while he is incarcerated.

As for Mr. Schnitzler's RLUIPA claims, the Defendants have met their burdens, and summary judgment is granted in favor of the Defendants on the RLUIPA claims.

The Court recognizes that addressing the RLUIPA claims on the merits could be dicta. Even if so, it is desirable to bring finality to these claims so that the parties can proceed ahead to make decisions for their benefit with knowledge of their respective rights. Mr. Schnitzler should, despite his reservations, meaningfully and fully participate in the group sex offender treatment program. Accordingly,

IT IS ORDERED:

1.   That the Defendants' Objections, Doc. 52, are granted and the Magistrate Judge's Report and Recommendation, Doc. 48, is not adopted, and Defendants' Motion to Dismiss, Doc. 44, is granted, and Defendants' Motion for Summary Judgment, Doc. 25, is granted.

2.   That the Plaintiff's Motion to Appoint Counsel and for Copies, Doc. 50, is denied.

3.   That the Plaintiff's Motion for Permanent Injunction, Preliminary Injunction, and for Case Update, Doc. 51, is denied.

4.   That Plaintiff's Motion to Substitute Party, Doc. 60, is denied.

5.   That Plaintiff's Motion to Add Party, Doc. 64, is denied.

3

6.    That Plaintiff's Motion to Fasttrack 8th Amendment Claim, Doc. 89, is
denied.

Dated this _____ day of March, 2008

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
DEPUTY

4